UNITED STATES v. COLUMBIA STEEL
CO. et al.

Civ. A. No. 1010.

District Court, D. Delaware.

March 25, 1947.

Robert L. Wright, Sp. Asst. to Atty. Gen., and Wendell Berge, Asst. Atty. Gen., and John J. Morris, Jr., U. S. Atty., and W. Thomas Knowles, Asst. U. S. Atty., both of Wilmington, Del., for plaintiff.

Aaron Finger (of Richards, Layton & Finger) and Edwin D. Steel, Jr. (of Morris, Steel, Nichols & Arsht), both of Wilmington, Del., for defendants.

RODNEY, District Judge.

This is an action brought to enjoin an alleged continuing violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

The complaint was filed February 24, 1947. A motion for an order in the nature of a preliminary injunction enjoining the defendants from taking any action to consummate an agreement mentioned in the complaint was set down for a hearing on March 14, 1947. On March 7 the hearing on the motion for a preliminary injunction was continued to April 7.

On March 7, 1947 the defendants over the signature of their counsel filed a stipulation in the cause by which the defendants

"* * * hereby stipulate and agree that the proposed purchase by Columbia Steel Company of certain of the assets of Consolidated Steel Corporation and of certain of the assets of the latter's wholly owned subsidiaries, which is referred to in the complaint filed in this case, will not be closed prior to the entry of final judgment in this action by the trial court, or until after this action shall have been dismissed, or until the entry of an order by the court relieving the defendants from this stipulation.

"Subject to the foregoing, the defendants, or any of them, shall be at liberty to take such action as they may deem desirable in connection with the transaction which is referred to in the Complaint, including entering into or executing or delivering such supplemental or modifying or amending agreement or agreements as to the defendants, or any of them, may seem fit, in respect to the Agreement of December 14, 1946, which is referred to in the Complaint, and including also the holding of any stockholders' meetings or the taking of any action deemed necessary or appropriate to obtain approvals by stockholders of said Agreement of December 14, 1946, as the same may be supplemented, modified or amended, and including also the soliciting of proxies from shareholders."

On March 7, 1947 the defendants filed a motion that the hearing upon the plaintiff's motion for preliminary injunction be continued until the trial of the action on the merits, and disposition of this motion constitutes the present question.

The plaintiff contends: (1) that the court lacks jurisdiction to enter the order,

and (2) that there is no justification for the order at this time.

The plaintiff contends that the jurisdiction and action of this court with reference to a preliminary injunction is regulated by Section 4 of the Sherman Act, the general statute concerning injunctions, being 28 U.S.C.A. § 383, and Rule 65(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c; that every order granting an injunction must be specific and in reasonable detail and set forth the reasons for the issue of such injunction without reference to the complaint or other document.

The defendants contend that here there is not involved any question at all of a restraining order or preliminary injunction; that the sole question here is the right of the court in its discretion to fix any future time for the hearing of a motion, and that this right exists both under the Rules of Civil Procedure and under the inherent power of the court itself.

■ It is quite true that neither the pending motion, nor the suggested order to be entered thereon, strictly constitutes a preliminary injunction. However, it is difficult to conceive that the hearing of the motion of the plaintiff for a preliminary injunction would, in the absence of consent, be generally deferred on motion of the defendants until final hearing, except for some good cause shown. The present motion of the defendants for a continuance until final hearing would have no basis for its approval were it not for the "stipulation" filed in the cause. The "stipulation" itself being merely the ex parte action of the defendants would be ineffective unless it was approved by the court and its terms expressly or tacitly adopted by the court and the defendants required to comply therewith. The suggested order submitted in connection with the present motion does both of these things.

■ The adoption by this court of the terms of the "stipulation" would enjoin the defendants from consummating the proposed purchase of assets, mentioned in the complaint, prior to the final determination of this cause. To that extent it clearly would operate as a preliminary injunction. The reservation, by the defendants, in the stipulation, of certain actions to be taken by them in advance of the final purchase or of the final hearing of the cause would, when approved by the court, operate as a determination of the extent or limit of the injunctive process.

■ Viewing as I do the effect of the granting of the present motion when taken in connection with the "stipulation," as in the nature of a preliminary injunction, I feel bound to comply with those essentials connected with the granting of such injunctive relief. The granting of the present motion would be tantamount to granting injunctive relief under Section 4 of the Sherman Act and to concluding that the terms of such relief were "just in the premises," as provided by that Act: it would be taking action in the nature of injunctive process (largely or solely) by reference to the complaint or other document and in contravention of 28 U.S.C.A. § 383 and Rule 65(b) of the Rules of Civil Procedure. Above all, it would make impossible the findings of fact and conclusions of law required by Rule 52(a) of the Rules of Civil Procedure. That Rule requires "In granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." Sims v. Greene, 3 Cir., 1947, 160 F.2d 512, 517; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774.

■ The granting of the present motion would be substantially the granting of a preliminary injunction upon the terms dictated by the defendants and would amount to a refusal of a hearing for the preliminary injunction applied for by the plaintiff and the order would be founded upon a procedure upon which no findings of fact or conclusions of law could be based.

■ The defendants insist that the terms of the "stipulation" present and embody the reasonable extent of injunctive relief to which the plaintiff will be entitled after a hearing on the motion for preliminary injunction. For this they cite many cases, a review of which will not be made at this time. It is not impossible that the contention of the defendants may be true and that the "stipulation" does contain all the

relief to which the plaintiff will eventually be entitled. The scope and extent of the injunctive relief, however, can only be properly determined in accordance with the cited statutes and rules after a hearing on the motion for preliminary injunction.

The present motion must be denied.