**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,**

v.

**KAMEN & COMPANY, Abraham Kamen, Laurence H. Ross, Jerome Melvin Grossinger, Anthony Perotta, Frances Ginsberg, Jerome Richard & Co., Inc., Richard Venticinque, Jerome Perlongo, Frederick Cirlin Associates, Inc., Frederick Cirlin, and George Herman, Defendants.**

United States District Court
S. D. New York.

Aug. 30, 1963.

Llewellyn P. Young, New York City, for Securities and Exchange Commission.

Skadden, Arps, Slate, Meagher & Flom, New York City, for defendants Kamen & Co. and Abraham Kamen.

Irwin L. Germaise, New York City, for defendants Perotta, Ginsberg, Venticinque, Perlongo and Jerome, Richard & Co.

Arthur N. Field, New York City, for defendant George Herman.

Moses L. Kove, New York City, for defendant Laurence Ross.

Miller, Brown & Gildenhorn, Washington, D. C., for defendant Jerome Grossinger.

Andrew E. Kuchinsky, New York City, for defendant Frederick Cirlin and Cirlin Associates.

TYLER, District Judge.

In this civil action for a permanent injunction against alleged violations of Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)), Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) and Rule 17, C.F.R. 240.10b–5 thereunder, plaintiff ("SEC") has moved for a preliminary injunction.

Seven of the twelve named defendants have either consented to a temporary injunction or suffered a default to be entered against them. The remaining five defendants, Ginsberg, Perotta, Venticinque, Perlongo and Jerome Richard & Co., Inc. ("Jerome Richard"), oppose this motion.

I find the facts of defendants' "rob Peter to pay Paul" scheme to be substantially as set forth in the affidavits of SEC investigator Francis J. Donnelly dated August 5 and 15, 1963. Indeed, defendants do not seriously dispute these facts.[1]

The SEC, then, has made a strong *prima facie* showing that defendants' acts in furtherance of this blatant scheme to rig a bogus market for Jerome Richard stock were in violation of the anti-fraud provisions contained in Section 17(a) of the Securities Act, Section 10 (b) of the Exchange Act and SEC Rule 17, C.F.R. 240.10b–5. SEC v. Boren, 2d Cir., 1960, 283 F.2d 312, 313. Again, defendants do not seriously question this conclusion.

Thus, the only issue raised on this motion is whether plaintiff is entitled to a preliminary injunction under the circumstances that the opposing defendants in effect admit their conduct in violation of the Securities laws but claim that they have ceased such practices and presently intend to leave the securities business altogether.

Defendants, in other words, are urging here that though the charges against them may be proven, further violations by them are unlikely and that, therefore, there is no "reasonable expectation" of recurrence. See SEC v. Culpepper, 2d Cir., 1959, 270 F.2d 241, 249.

Going, as it does, to the heart of the practical test laid down by the Court of Appeals for this Circuit for injunctions in cases of this kind, this argument is not unpersuasive. But I conclude that it must be rejected for at least two reasons.

First, defendants' conduct in violation of the statutes and SEC rules and to the not insignificant damage of reputable broker-dealers and individuals can be said to be so egregious as to cast doubt on their protestations of future innocence. SEC v. Keith Richard Securities Corp., S.D.N.Y., 1957, 148 F.Supp. 358, 360; SEC v. Bennett & Co. D.C.N.J., 1962, 207 F.Supp. 919, 924. This may be particularly so where, as here, the protestations are somewhat equivocal[2] and were made weeks after the SEC commenced its investigation of this matter.

Second, with regard to the pertinent question of "balance of hardships", Hamilton Watch Co. v. Benrus Watch Co., 2d Cir., 1953, 206 F.2d 738, 740, I cannot be blind to the possibility, urged by defendants, that an injunction here, based, as it would be, upon allegations of serious fraud, could cause embarrassment, financial and otherwise, to defendants. But if in fact defendants have already left the Securities business never to return, any potential injury or embarrassment is comparatively minimal, at least in the light of the actions which brought them before this court. SEC v. Graye, S.D. N.Y.1957, 156 F.Supp. 544, 547. If, on the other hand, their present good inten-

---

1. With the exception that defendants Ginsberg and Perotta claim that they were involved only as clerks and employees acting at the instructions of their employers—i. e. that they, therefore, are not guilty of any willful violations of the Securities Acts and Regulations. Suffice it to note that this claim, as a practical matter, is largely demolished by cer-
tain facts evidenced by documents attached to the Donnelly affidavit of August 15, 1963.

2. Each of the affidavits of the five opposing defendants states in substance that affiant "has no intention of remaining in the securities business * * * and is presently seeking employment in another field of endeavor".

tions dissolve in the light of cynical reality upon a future day, then the public is entitled to the protection which the Settle order on notice.

The temporary injunction will issue. SEC now seeks.