**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**C. H. ABRAHAM & CO., Inc., and Carl Henry Abraham, Defendants.**

United States District Court
S. D. New York.
July 20, 1960.

Paul Windels, Jr., John J. Devaney, Jr., Bernard M. Krakower, New York City, for plaintiff.

John Cye Cheasty, New York City, for defendants.

RYAN, District Judge.

This is a motion for a preliminary injunction to enjoin the defendants from further violating Section 15(c) (1) and (3) of the Securities Exchange Act of 1934, 15 U.S.C.A. 78o(c) (1) and (3), and Rules 17 C.F.R. 240.15c1–2 and 240.15c3–1 promulgated thereunder. The Commission alleges continuing violations of the Act between November 30, 1959 to the present. Jurisdiction is vested in this Court by Section 21(e) of the Act, 15 U.S.C.A. § 78u(e).

Section 15(c) (1) provides that the use of the mails or any instrument of interstate commerce to effect a transaction or induce a purchase or sale by means of a manipulative, deceptive or other fraudulent device is a violation of the Act. Rule 240.15c1–2 further defines those actions which are considered manipulative, deceptive or a fraudulent device.

Section 15(c)(3), and Rule 240.15c3–1 promulgated thereunder, provide that the aggregate indebtedness of a broker or dealer may not exceed 2000 per centum of his net capital and for purposes of determining such ratio, the rule defines net capital and aggregate indebtedness. This is commonly referred to as the "twenty to one" rule.

The relevant facts are not in dispute.

On February 26, 1960, defendant C. H. Abraham & Co., Inc., pursuant to Rule 17 CFR 240.15a–5 promulgated under the 1934 Act, filed a statement of its financial condition as of November 30, 1959, with the regional office of the Securities and Exchange Commission.

An analysis of this financial statement by the Securities and Exchange Commission disclosed a net capital deficiency of $4,700 and showed that the corporate defendant was in violation of the "twenty to one" rule. The corporate defendant was notified of this deficiency and was requested to take appropriate action to bring the capital position within the ratio of the rule. The defendant Carl H. Abraham in a letter dated March 8, 1960, replied: "Please be assured that any further capital which is required can be promptly introduced."

At the request of the Commission, the corporate defendant furnished a trial balance showing its financial condition as of March 4, 1960. On that occasion the additional capital required to obtain compliance with the rule was $67,599.02. Further correspondence was exchanged and other trial balances were submitted as of March 21, 1960, at which time the capital deficit was $43,946.60 and March 31, 1960, at which time the capital deficit was $36,574.82. This suit was filed on April 11, 1960.

At the direction of the Court, the Commission attempted to ascertain the financial condition of defendant corporation on June 7, 1960, but found it im-

possible to do so since the corporate books were not being kept. It appears the corporation is no longer transacting business.

It is contended by defendants that the computation of "net capital" was erroneous because the Commission failed to include certain stock owned by the corporation, having a stated market value. That is the crux of the controversy.

No value was ascribed, for purposes of computing the defendants' net capital, to securities of defendant corporation for which no published market quotations were contained in the National Daily Quotation sheets on the dates of the respective trial balances. These securities were deemed to be "assets which cannot be readily converted into cash" within 240.15c3–1. Defendants contest this determination and cite transfer of these securities at various prices during the period in question. If the values allotted to such securities by the corporation are accepted in toto, the firm's net capital position would have been satisfactory.

Defendants do not dispute the power of the Commission to make such a determination or the test which the Commission sets up (Cf. Securities and Exchange Commission v. Peerless-New York, Inc., D.C., 157 F.Supp. 328, 330) but claim that transactions occurred during the period in question which would, even under the Commission's test, ascribe to the stock in defendants' possession a value which has been withheld.

■ The Commission did find a few transactions during this period but all involved the corporate defendant, which bought blocks of stock from various brokers. These self-serving purchases are advanced by defendants as evidence of an active market in the stock. We cannot agree! The Commission's rule requires an independent quotation and we need not labor the point that purchases by an interested party do not constitute an independent market. The Commission's requirement of independence is both logical and reasonable and it would be most illogical if transactions of the type described above were used by the Commission. Defendants also allege a sale during this period. The records and affidavits of the Commission allege neither a sale nor an offer to sell by defendants. Under the rules set up by the Commission, which we find reasonable and calculated to carry out the intent of Congress, there were no independent bids and offers involving the stock in question after January 6, 1960. Defendants have offered no credible evidence to refute this finding and we adopt it.

■ The Commission also alleges violation of Section 15(c) (1) of the Act and the rule promulgated thereunder in that the corporate and individual defendants used manipulative, deceptive and fraudulent devices in interstate commerce to induce purchases and sales. The corporate defendant with the knowledge and active assent of the individual defendant operated while the liabilities of the company exceeded the current assets and the firm was insolvent, without disclosing that fact to those concerned. (This has consistently been held by the Commission to constitute a violation of Section 15(c) (1). Batkin & Co., Securities Exchange Act release No. 5822 (1958); Joseph Wilensky & Co., Securities Exchange Act release No. 6032 (1959); and releases cited therein.) Defendants also purchased securities from customers giving checks signed by the individual defendant which could not be honored because of insufficient funds. The sellers of the securities have as yet not been paid. The Section 15(c) (1) charge is not alluded to or even mentioned in defendants' papers. We feel that a violation of Section 15(c) (1) has been established.

■ The violations of the Act have been continuing ones. Defendants were repeatedly warned by the Commission but took no action to rectify the situation. There is adequate and sufficient ground to find that without injunctive relief these acts may continue or if discontinued may be resumed and we, therefore, grant the temporary injunction as to both defendants.

Settle order on notice.