**BLAISE D'ANTONI & ASSOCIATES, INC.**
**and**
**Blaise D'Antoni, Petitioners,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 18416.**

United States Court of Appeals
Fifth Circuit.

April 20, 1961.

Rehearing Denied June 12, 1961.

See 290 F.2d 688.

Julian H. Good, Bernard Marcus, Eberhard P. Deutsch, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel, for petitioners.

David Ferber, Gen. Counsel, Thomas G. Meeker, Gen. Counsel, John A. Dudley, Atty., S.E.C., Washington, D. C., for respondent.

Before RIVES and WISDOM, Circuit Judges, and DAWKINS, Jr., District Judge.

WISDOM, Circuit Judge.

Petitioners, Blaise D'Antoni & Associates, Inc., a Louisiana corporation organized in 1955, and Blaise D'Antoni, seek review of an order of the Securities and Exchange Commission. The order, based on a stipulation of facts, (1) revoked D'Antoni, Inc.'s registration with the Commission as a broker and dealer in securities, naming Mr. D'Antoni as a cause of the revocation, (2) denied the request of D'Antoni, Inc. for withdrawal of its registration, and (3) denied both Mr. D'Antoni's application for registration and his request to withdraw his application. In large measure, the case is controlled by Peoples Securities Company et al. v. Securities and Exchange Commission, 289 F.2d 268, decided today. We affirm the Commission's order.

November 3, 1955, D'Antoni, Inc., registered with the Commission under Section 15(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78o(b), as a broker and dealer in over-the-counter securities. Mr. D'Antoni has been president, a director, and the principal shareholder of the company since its organization.

SEC Rule X15c3–1, 17 C.F.R. 240.-15c3–1, provides that no broker or dealer shall permit his aggregate indebtedness to exceed 2000 per cent of his net capital. From time to time the Commission warned D'Antoni, Inc., that it was not complying with the net capital rule. In October 1959 an investigator for the Commission, in the course of examining the company's books, ascertained that from April 30 to October 9, 1959, the company had engaged in a number of transactions in over-the-counter securities at times when its net capital was impaired. The examination showed that the company had closed and settled in

full all accounts with its customers and other brokers, had ceased its activities as a broker-dealer, and had made plans for an orderly liquidation of its assets. The investigator advised D'Antoni, Inc. to file a formal notice of withdrawal of its registration as a broker-dealer and to resign from the National Association of Securities Dealers, Inc. October 9, 1959, the company did so. Mr. D'Antoni, however, then filed a personal application for registration as a broker and dealer. The Commission notified D'Antoni, Inc., and Mr. D'Antoni, that action on the company's withdrawal and Mr. D'Antoni's application for registration would be held up, pending the determination at a hearing whether D'Antoni, Inc. and Mr. D'Antoni had engaged in willful violation of the Securities Exchange Act.

At a hearing before an examiner for the Commission, Mr. D'Antoni submitted a letter purporting to withdraw his personal application for registration. The parties agreed to a stipulation of facts, and waived further hearings. The Commission, limiting its findings to the occurrences between April 30 and October 9, 1959, held that the company, aided and abetted by D'Antoni, had willfully violated the net capital rule. Accordingly, the Commission revoked the registration of D'Antoni, Inc. and denied its request for withdrawal; and also denied Mr. D'Antoni's application for registration and his request for withdrawal.

■ Mr. D'Antoni contends that he had an absolute right to withdraw his application for registration at any time before it became effective. We denied the existence of such a right in Peoples Securities Company et al., v. S.E.C., 289 F.2d 268; the act of filing creates a public interest that precludes an absolute right of withdrawal.

D'Antoni, Inc. contends that the order revoking its registration is so harsh and punitive as to constitute an abuse of the Commission's discretionary powers. The company argues that the bare violation of a Commission rule does not justify so severe a punishment, especially where, as here, the volume of business was small, the transactions were mostly with the D'Antoni family or with close friends, no losses were suffered by customers or other brokers or dealers, the affairs of the company have been settled in full, and the company has ceased to do business. The facts show that D'Antoni, Inc.'s noncompliance with the net capital rule is not a "bare violation". The financial impairment became increasingly more serious, and it was not inadvertent but a willful disregard of repeated warnings by the Commission's staff. The net capital rule is one of the most important weapons in the Commission's arsenal to protect investors. By limiting the ratio of a broker's indebtedness to his capital, the rule operates to assure confidence and safety to the investing public. The question is not whether actual injuries or losses were suffered by anyone. Hughes v. S.E.C., 1949, 85 U.S.App.D.C. 56, 174 F.2d 969. D'Antoni, Inc., improperly—and willfully—subjected its customers to undue financial risks by conducting its business in violation of this rule. Furthermore, even members of the D'Antoni family and close friends are entitled to the same protection as the general public.

■■ In view of the company's violations in the past, the Commission was not unreasonable in attempting to protect the investing public against future violations. Shuck v. S.E.C., 1958, 105 U.S.App.D.C. 72, 264 F.2d 358. The Commission's order is not punitive; it is not a penalty imposed on the broker. Revocation and denial of registration are but means to protect the public interest. Pierce v. Securities and Exchange Commission, 9 Cir., 1956, 239 F.2d 160, 163. See Flemming v. Nestor, 1960, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed. 2d 1435.

We hold that the Commission's order was not unlawful, improper, or an abuse of discretion. The order is

Affirmed.