SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

GENERAL SECURITIES COMPANY, Incorporated, Nicholas J. Papadakos and Dushka Howarth, Defendants.

United States District Court
S. D. New York.
April 11, 1963.

Llewellyn P. Young, Regional Administrator, and David Marcus, New York City, Attorney, for Securities and Exchange Commission, for plaintiff.

Hale, Kay, Grant & Meyerson, New York City, for defendants General Securities Co., Inc. and Nicholas J. Papadakos.

WYATT, District Judge.

The Commission moves, under Section 21(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(e), and Fed.R.Civ. P. 65, for a preliminary injunction which would restrain

(1) defendant General Securities, its officers, agents, etc. from future violations of Section 15(c) (3) of the Act, 15 U.S.C. § 78o(c) (3), and Commission Rule X–15c3–1 thereunder, 17 C.F.R. Sec. 240.15c3–1, sometimes called the "net capital rule";

(2) defendant General Securities, its officers, agents, etc. from failing to keep its books and records as required by Section 17(a) of the Act, 15 U.S.C. § 78q(a), and Commission Rule X–17a–3, 17 C.F.R. Sec. 240.17a–3; and

(3) defendants Papadakos and Howarth, their agents, etc. from aiding General Securities in the violations described in "(1)" and "(2)" above;

and would direct

(4) defendant General Securities to make and keep current its books and records as required by the Act and Commission Rules.

Defendant General Securities, a New York corporation, is registered with the Commission as a broker and dealer in securities (15 U.S.C. § 78o(b)). Defendant Papadakos is its president, treasurer, a director and owner of more than 10 per cent of its common stock. Defendant Howarth was secretary and a director of General Securities at all relevant times prior to March 5, 1963 when she resigned.

The net capital rule of the Commission prohibits any broker or dealer from having indebtedness in excess of 2,000 per cent of his net capital and provides standards for determining when the rule is being violated. No broker or dealer may trade in over-the-counter securities by use of the mails, etc. while in violation of the net capital rule (15 U.S.C. § 78o(c) (3)). The net capital rule is one of the important protections for the investing public and its enforcement, of course, should never depend on whether actual loss has in fact already occurred. The chief value of the rule lies in the prevention of loss to the public. See Blaise D'Antoni & Associates, Inc. v. S. E. C., 289 F.2d 276, 277 (5th Cir. 1961).

The Commission notified General Securities in March 1961 that as of December 29, 1960, it was in violation of the net capital rule and moreover that its liabilities exceeded its assets. The reply of Papadakos did not deny the violation and promised that "everything in our power will be done to avoid any violations in the future".

The Commission in August 1962 notified General Securities of a similar violation as of May 31, 1962. The reply

of Papadakos did not deny the violation but made excuses and stated that it was "sincerely hoped that in the future this company will remain always within the limits prescribed" by the Commission Rule.

The financial report of General Securities as of December 31, 1962, indicated a violation of the net capital rule at that date and further indicated that $52,025.09 of additional capital was needed for compliance. This violation is not denied by Papadakos; he merely calls attention to a variance between two calculations by the Commission of the capital deficiency. The smaller and more recent of the Commission's figures nevertheless establishes a violation.

After the foregoing history and in February 1963 an investigator for the New York Regional Office of the Commission examined the books of General Securities. He found a capital deficiency as of February 11, 1963, first stated to the Court to be $88,126.02 and later corrected to $87,211.65. Again, Papadakos does not deny the violation but defends on the ground that the violation has subsequently been corrected and the capital deficiency supplied.

Aside from defending on the ground that the most recent violation has been cured, Papadakos attacks the Commission for alleged misleading publicity, persecution, and for other shortcomings which even if proved—and they are not—could not be relevant on this motion.

 It is the Commission which has primary responsibility for protecting the public against avoidable dangers in security transactions and the present motion, it must be assumed, is made in the discharge of that responsibility. The background of past violations, a violation as recently as February 11, 1963, and the importance of the net capital rule make it appropriate that a preliminary injunction issue in respect of the net capital requirement.

 It is not a reason to deny such relief that the violation has been corrected since the Commission initiated its investigation, where, as here, there is some likelihood of future violations. S. E. C. v. Okin, 139 F.2d 87 (2d Cir. 1943), S. E. C. v. Graye, 156 F.Supp. 544 (S.D. N.Y.1957). Nor is there any requirement in the applicable section of the Act that the Commission show irreparable injury (15 U.S.C. § 78u(e)); the "usual chancery principles have been modified by statute" (7 Moore's Federal Practice, 1630, 2d ed. 1955).

Defendant Howarth resigned as secretary and as a director of General Securities on March 5, 1963; she asks "for a discontinuance and severance of this proceeding against her". While her contention that she was secretary and director "in name only" must be rejected, there appears to be no real reason for including her in the preliminary injunction to be issued.

 As to the alleged record keeping violation, no proper showing to support a preliminary injunction has been made. The moving affidavit is general to the extreme and it would be almost impossible for defendants to meet charges of such generality. The opposing affidavit contains what seems to amount to a general denial and there is no history of past record keeping violations. Injunctive relief as to this branch of the motion will be denied.

Motion granted to the extent indicated.

Settle order.