SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff-Appellant,

v.

Paul BARRACO, Joan Barraco and Jerry
Strand, Defendants-Appellees.

No. 85-70.

United States Court of Appeals,
Tenth Circuit.

March 5, 1971.

Richard E. Nathan, Special Counsel, Chicago, Ill. (Philip A. Loomis, Jr., Gen. Counsel, David Ferber, Sol., and Stuart A. Morse, Atty., Securities & Exchange Commission, Washington, D. C., on the brief) for appellant.

Daniel L. Berman, Salt Lake City, Utah (Mary Lou Godbe, Salt Lake City, Utah, on the brief) for appellee Jerry Strand.

L. R. Gardiner, Jr., Salt Lake City, Utah (Norman S. Johnson, Salt Lake City, Utah, on the brief) for appellees Paul Barraco and Joan Barraco.

Before LEWIS, Chief Judge, JOHNSEN *, Senior Circuit Judge, and HOLLOWAY, Circuit Judge.

JOHNSEN, Senior Circuit Judge.

The Securities and Exchange Commission brought suit under section 21(e) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78u(e), for an injunction against Barraco & Co., a Utah corporation, as a registered broker and dealer, on some violations· by it of the Act, and against Paul Barraco, Joan Barraco and Jerry Strand, as officers of the corporation, and also against them in their individual capacity as having personally been aiders and abettors in the commission of the violations.

The court issued a preliminary injunction, and later a permanent one, against the corporation and against the officers as such, on both of the claimed violations. That order has not been appealed. It refused, however, to give consideration to the issuance of any injunction against the three officers in their individual capacity, on the ground that there was no authority under the Act to enjoin acts of aiders and abetters in broker-dealer violations. It accordingly, on motion of the three defendants, dismissed the action with prejudice as to them in their individual capacity. The Commission has appealed from this dismissal. We reverse and remand.

Traditionally in equity, " * * * whenever an injunction, whatever its nature may be, is directed to a corporation, it also runs against the corporation's officers * * * ". 10 Fletcher Cyclopedia Corporations [Perm.Ed.] § 4875. All that is necessary is that they have knowledge of it. "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs." Wilson v. United States, 221 U.S. 361, 376, 31 S.Ct. 538, 543, 55 L.Ed. 771. In other words, the officers of the corporation are realistically regarded as being the doers of the act or acts sought to be enjoined and as thus being directly subject to the injunction's prohibition.

But also traditionally in equity, where there is a right to issue a general injunction in a situation, the court has the power inherently to impose upon any persons, who have contributingly played a part in the doing or committing of the enjoinable action involved (where they are made party to the suit), such reasonable and relevant individual restraint as may be necessary to enable the decree to accomplish its preventive purpose. And under this general power, the courts have always permitted the plaintiff in an injunction suit against a corporation to make the officers thereof defendants in their individual capacity, as well as official capacity, and so to be afforded an opportunity to demonstrate the need for such an enjoinder of them in the particular situation.

While the courts have exercised a sound restraint as to enjoining officers in their individual capacity, they have in particular not hesitated to do so where the enjoinable action has consisted of violation of a public-protection statute, and where this deeper contempt shadow

---

* Of the Eighth Circuit, sitting by designation.

over them has appeared to be necessary to insure a full refrainment by them. The consideration by which they seem primarily to have been guided has been whether such conduct, attitude or other indication on the part of the officers has been involved as to present a threat or likelihood of an evasion attempt by them. Cf. Hartford-Empire Co. v. United States, 323 U.S. 386, 434, 65 S.Ct. 373, 89 L.Ed. 322 (1945); Federal Trade Commission v. Standard Education Society, 302 U.S. 112, 119–120, 58 S.Ct. 113, 82 L.Ed. 141 (1937), Doyle v. Federal Trade Commission, 356 F.2d 381, 384 (5 Cir. 1966). [The last two cases involved cease and desist orders, but the question of restraint upon the corporation's officers as individuals was dealt with on the same basis as in injunction.]

The court here gave no consideration to the inherent power which we have discussed and to the possible need for exercising it to issue an injunction against the three officers as individuals. It afforded the Commission no opportunity to make any showing as to the circumstances involved in the violations, the attitude or conduct of the officers, and the threat of probable evasion which might be inferable therefrom or which might be capable of being given other indication. It predicated its dismissal on the naked ground that it was without any authority to enjoin actions of aiders and abettors in violations of the Act.

The statute granting injunctive authority is section 21(e) of the Act, 15 U.S.C. § 78u(e), whose pertinent part provides:

"Whenever it shall appear to the Commission that any person is engaged or about to engage in any acts or practices which constitute or will constitute a violation of the provisions of this chapter [here the Act], or of any rule or regulation thereunder, it may in its discretion bring an action in the proper district court of the United States * * * to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond. * * * ".

It will be noted that this language does not contain any limitation upon the traditional general power of a court of equity in issuing injunctions. That power, as we have discussed, extends to making enjoinder personally of any or all of those who have played a material part in the commission of an enjoinable act, contributors as well as principals, where the court deems the enjoinder of a contributor necessary to prevent a recurrence of the act. And the full scope of this traditional power to effect necessary remedial relief is entitled to be exercised, where a regulatory statute imposes a prohibition upon certain kinds of acts and makes the doing of such acts subject to a court of equity's general authority in injunction.

As the Supreme Court said in Porter v. Warner Holding Co., 328 U.S. 395, 398, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332 (1946), in its consideration of the remedial section of the Emergency Price Control Act [among whose provisions, incidentally, was a grant of injunctive authority practically similar to that of § 21(e) here]:

"Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.' Brown v. Swann, 10 Pet. 497, 503, 9 L.Ed. 508".

It could hardly make any difference in respect to the court's inherent power to deal with contributors what term or designation might be employed in relation to them. Here the Commission, apparently as a matter of convenience and uniformity for purpose of its complaints and decrees, has chosen to

use the term "aiders and abettors" in general designation of any such persons as have contributingly played a part in the doing or commission of an enjoinable act by another.

The term is neither legally improper nor equitably inappropriate for such a designational purpose. Its use is not capable of either increasing or diminishing the scope of the court's traditional equitable power as to a situation of violation. Indeed, the general use of the term seems to have been expressly approved or impliedly accepted in all previous cases up to the present one in relation to the exercising of the court's authority under § 21(e). The Commission states in its brief that in the substantial number of cases with which it has dealt, it is unaware of any decision, either reported or unreported, which has taken the position of the trial court here that the aider-and-abettor term or status is not within the jurisdictional authority of the statute. Among, but not exhaustive of, the cases which the Commission has cited are Securities and Exchange Commission v. J. P. Howell & Co., Inc., 229 F.Supp. 699 (D.C.N.J.1962) aff'd 330 F.2d 958 (3 Cir. 1964) [per curiam]; S.E.C. v. General Securities Co., Inc., 216 F.Supp. 350 (S.D.N.Y.1963); S.E.C. v. C. H. Abraham & Co., Inc., 186 F. Supp. 19 (S.D.N.Y.1960); S.E.C. v. Timetrust Inc., 28 F.Supp. 34 (N.D.Cal. 1939), appeal dism'd by stipulation, 118 F.2d 718 (9 Cir. 1941). See also Brennan v. Midwestern United Life Ins. Co., 259 F.Supp, 673, 680–681 (N.D.Ind. 1966).

 We have gone through the Act, in deference to the trial court's holding, and in response to appellees' contention here and in the trial court, that when the statute is read in its whole, it carries the implication that the injunctive authority under § 21(e) is intended to apply only to broker-dealers themselves and not to extend to contributors or aiders-and-abettors in the commission of violations. We find the arguments made to be without any merit. The general

scope of injunctive authority existing under the language of § 21(e) cannot, as Porter v. Warner Holding Co., supra, reminds, "be yielded to light inferences, or doubtful construction".

Reversed and remanded.