116 N.J. Super. 172 (1971)
281 A.2d 390
IN THE MATTER OF RIDGWAY, McLEOD & ASSOCIATES.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1971.
Decided September 20, 1971.
*173 Before Judges KILKENNY, LABRECQUE and LANE.
Mr. David H. Rothberg argued the cause for appellant Ridgway, McLeod & Associates (Messrs. Rothberg & Linder, attorneys; Mr. Rothberg on the brief).
Mr. Charles R. Parker, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Philip I. Kagan, Deputy Attorney General, on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Ridgway, McLeod & Associates appeals from an order of the Bureau of Securities suspending it from operating as a broker-dealer for 30 days. The bases of the suspension were: (1) appellant's failure to maintain the minimum net capital requirement, in violation of Bureau of Securities Regulation 13:13-3, and (2) appellant's attempt to sell its own securities in order to raise *174 funds to comply with the minimum net capital requirement, in violation of Regulation 13:13-40.
Regulation 13:13-3, "Minimum Capital," provides:
No registration as broker-dealer shall be issued unless the applicant therefor has a minimum capital of $10,000. or has posted with the Bureau of Securities a surety bond in the amount of $10,000.
No registration as a broker-dealer shall be issued to an applicant engaged exclusively in the sale of investment company shares unless the applicant therefor has a minimum capital of $5,000. or has posted with the Bureau of Securities a surety bond in the amount of $5,000.
No registration as a broker-dealer shall be issued to an applicant having custody of clients' funds or securities unless such applicant has a minimum capital of $25,000. or has posted with the Bureau of Securities a surety bond in the amount of $25,000.
Regulation 13:13-40, "Restriction," provides:
No person shall be permitted to issue, offer or sell securities in this State solely for the purpose of providing minimum capital requirements necessary in order to become registered as a broker-dealer.
Appellant admits that its capital fell below $10,000 during the time that it was operating as a broker-dealer. It further admits that it sold its own securities to customers for the purpose of complying with the minimum capital requirements.

I
The argument is advanced that Regulation 13:13-3 requires a minimum capital of $10,000 only at the time of registration and that it does not require the maintenance of such minimum capital during the period of registration. The regulation must be interpreted to manifest the intent of the Bureau of Securities. Language is not to be rigidly interpreted if it is apparent that such interpretation was not intended. Alexander v. New Jersey Power & Light Co., 21 N.J. 373, 378 (1956). Words alone do not control. The intent must be gleaned from the subject matter, the contextual *175 setting, and related statutes. Loboda v. Clark Tp., 40 N.J. 424, 435 (1963). This rule of construction applies to rules and regulations of administrative agencies. In re Plainfield-Union Water Co., 57 N.J. Super. 158, 177 (App. Div. 1959); In re Port Murray Dairy Co., 6 N.J. Super. 285, 300 (App. Div. 1950).
To determine the intent of the Bureau in adopting the regulation, we look to the purpose of the minimum net capital requirement. We have found no New Jersey cases specifically on point. There are, however, federal cases which have discussed the intent of a similar regulation of the Securities and Exchange Commission, SEC Rule X15c3-1 (a), 17 C.F.R. 240.15c3-1 (a).
Although the SEC rule is differently worded and by its language requires the maintenance of the minimum capital throughout the period of registration, its intent is the same as 13:13-3. The intent is to protect the public by assuring that a broker-dealer will be financially able to settle its affairs. Don D. Anderson & Co. v. Securities and Exchange Comm, 423 F.2d 813, 816 (10 Cir.1970); Blaise D'Antoni & Associates, Inc. v. Securities & Exch. Comm., 289 F.2d 276, 277 (5 Cir.), aff'd 290 F.2d 688 (5 Cir.), cert. den. 368 U.S. 899, 82 S.Ct. 178, 7 L.Ed.2d 95 (1961).
The appellant's interpretation of the regulation would render it meaningless. That interpretation would only require the necessary financial responsibility at the time of registration. Once registered, a broker-dealer could proceed to use up his capital, and the public would be given no protection. The importance of the rule in terms of public protection indicates the invalidity of such interpretation.
Furthermore, when read in conjunction with other sections of the Regulations, the intent to apply the minimum net capital requirement to all times during which a broker-dealer is registered is clear. Regulation 13:13-2 requires the filing of an annual certified financial statement. This clearly indicates an intent to continually review a broker-dealer's *176 financial status. This intent thus indicates a similar application of the minmum capital requirement.
Intent is also indicated by Regulation 13:13-24 which states that a broker-dealer's registration expires "on December 31st of the year next ensuing the year in which the registration became effective." Essentially, this regulation requires renewal every two years. Regulation 13:13-25. If appellant's interpretation of Regulation 13:13-3 were correct, a broker-dealer would need only meet the capital requirement every two years. This would afford little protection to the public.
The most instructive section of the regulations is 13:13-4, the bond provision. Under Regulation 13:13-3 a $10,000 surety bond is an approved substitute for the minimum capital requirement. This bond must be in force for the two-year period of registration unless released by the Bureau Chief. Regulation 13:13-4. Since a two year bond is required in lieu of the capital requirement, certainly the capital requirement itself must be for two years.
Finally, the Bureau's own interpretation of Regulation 13:13-3 is important. Harper v. New Jersey Mfrs. Cas. Ins. Co., 1 N.J. 93, 99 (1948); In re Plainfield-Union Water Co., supra, 57 N.J. Super. at 177. Obviously, the Bureau has interpreted the regulation to require the minimum capital at all times during registration. This interpretation further undermines the position of appellant.
The appellant's position is based entirely on the language of Regulation 13:13-3 which unfortunately is ambiguous on its face. However, by all means of interpretation available, the regulation applies to the entire period of registration. Appellant was required to maintain a minimum net capital at all times subsequent to its initial registration as a New Jersey broker-dealer. This interpretation is in line with the logic of the rule. Cf. Allendale Field and Stream Ass'n v. Legalized Games, 41 N.J. 209 (1963).
*177 Regulation 13:13-40 must be construed in the same manner. It prohibits the sale of securities for the purpose of providing minimum capital requirements at any time.

II
Appellant argues that it is presently meeting the minimum capital requirement and that the evidence before the Bureau indicated that no harm came to any member of the public as a result of appellant's violation of the regulations. The evidence amply supported the Bureau's finding that the violations were wilful. There was an undue financial risk to the public by reason of appellant's violations. The discipline for past violations is proper regardless of the lack of actual injury to the public. Don D. Anderson & Co. v. Securities and Exchange Comm., 423 F.2d 813, supra; Blaise D'Antoni & Associates, Inc. v. Securities & Exch. Comm., 289 F.2d 276, supra; cf. Securities & Exchange Comm. v. Cohn, 216 F. Supp. 636 (D.C.N.J. 1963); Securities and Exchange Comm v. General Securities Co., 216 F. Supp. 350 (S.D.N.Y. 1963).
The findings by the Bureau were based on substantial credible evidence and will be affirmed. Atkinson v. Parsekian, 37 N.J. 143 (1962). Appellant has failed to show that the 30-day suspension was arbitrary, capricious or unreasonable. F. & A. Distrib. Co. v. Div. of Alcoholic Beverage Control, 36 N.J. 34 (1961); Higgins v. New Jersey Bureau of Securities, 100 N.J. Super. 266 (App. Div. 1968).
The order of the Bureau of Securities is affirmed, and the matter is remanded to the Bureau for the imposition of the suspension which the Bureau had commendably stayed pending appeal.