# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2026

Lyle W. Cayce
Clerk

———————————

No. 25-60401
Summary Calendar

———————————

CHARLES SCOTT BURFORD, SR.,

*Petitioner*,

*versus*

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Securities & Exchange Commission
Agency No. 103180

———————————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:*

Charles Scott Burford, Sr., appearing pro se, petitions for review of an order of the Securities and Exchange Commission ("SEC") sustaining disciplinary sanctions imposed against him by the Financial Industry Regulatory Authority ("FINRA"). A FINRA hearing panel found that Burford, a formerly registered representative with a FINRA member firm,

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

violated FINRA Rule 2010 by effectuating unauthorized transactions in his deceased customer's account in violation of his firm's procedures. As a result, FINRA suspended Burford for six months and fined him $10,000. The SEC sustained FINRA's finding of a violation and imposition of sanctions. Burford now contends that the sanctions should be vacated, arguing that his firm's procedures were discretionary, and that he sought to protect, and did not injure, his client. We deny the petition for review.

We have jurisdiction to consider Burford's petition for review pursuant to 15 U.S.C. § 78y(a)(1). In this posture, factual findings are upheld if supported by substantial evidence, *Meadows v. SEC*, 119 F.3d 1219, 1224 (5th Cir. 1997), and agency actions may be set aside only if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A).

Burford cannot demonstrate that the SEC erroneously sustained his violation of FINRA Rule 2010. FINRA Rule 2010 requires associated members to "observe high standards of commercial honor and just and equitable principles of trade." The SEC has often held that failure to comply with a firm's policies and procedures regarding handling customer accounts will support a violation. Here, Burford contends for the first time that he could not have violated his firm's policy because it was, in his view, discretionary. Accordingly, Burford has forfeited this argument. 15 U.S.C. § 78y(c)(1) ("No objection to an order . . . of the [SEC] . . . may be considered by the court unless it was urged before the [SEC] or there was reasonable ground for failure to do so."); *see also Nelson v. SEC*, 138 F.4th 514, 525 (D.C. Cir. 2025). But what is more, Burford's concessions below are fatal to this contention. For instance, Burford admitted that he was aware that his firm's "procedures required that[,] upon the death of a customer," he "immediately notify the firm," and he "was not in compliance with [the] firm's" procedures. Furthermore, Burford's assertion that he intended to

protect his client does not overcome the substantial evidence relied on by the SEC that supports his FINRA Rule 2010 violation.

Burford also fails to establish that the SEC abused its discretion when sustaining the sanctions. The SEC concluded that FINRA's sanctions were not excessive, oppressive, or punitive because, *inter alia*, the fine was near the bottom of the recommended range for unauthorized transactions, and Burford's conduct involved aggravating factors. Without disputing these conclusions, Burford asserts that he received no financial benefit, and no investor was injured. The SEC has repeatedly found that these are not mitigating factors, and these facts do not undermine the conclusion that Burford violated FINRA Rule 2010. *See generally Blaise D'Antoni & Assocs., Inc. v. SEC*, 289 F.2d 276, 277 (5th Cir. 1961) (when considering a violation of SEC Rule X15c3-1, noting that assertions regarding lack of customer losses do not inform the relevant question of whether a violation occurred). In light of the above considerations, the SEC's decision to sustain the sanctions was not an abuse of discretion.

Burford's petition for review is DENIED.