**LOWE et al. v. CONSOLIDATED EDISON CO., Inc., et al.**

District Court, S. D. New York.

Nov. 26, 1940.

Crichton Clarke, of New York City, for plaintiff.

LeBoeuf, Machold & Lamb, of New York City (Horace R. Lamb and Craigh Leonard, both of New York City, of counsel), for defendants Consolidated Edison Co. of New York, Inc., and others.

White & Case, of New York City (Lowell Wadmond and Edward D. Robbins, both of New York City of counsel), for defendant General Electric Co.

Louis S. Posner, of New York City, for defendant Artistic Lamp Mfg. Co., Inc.

Ira Jewell Williams, Jr., and Ira Jewell Williams, both of Philadelphia, Pa., for defendant Proctor Electric Co.

Leon Lauterstein, of New York City, for defendant R. H. Macy & Co., Inc.

Hamerman & Caminez, of New York City, for defendant Davega, Inc.

LEIBELL, District Judge.

These are motions by defendants, (1) Consolidated Edison Company, Inc., (2) General Electric Company, (3) Artistic Lamps Manufacturing Company, Inc., (4) Proctor Electric Company, (5) R. H. Macy & Co., Inc., and (6) Davega, Inc., pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to compel plaintiffs to state their claims or causes of action in separate counts and, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to furnish defendants with specified particulars. Upon the return day of the motions, it was agreed by the parties that they would rest their separate demands for particulars principally upon the application made by defendant, Consolidated Edison Co., Inc., and would indicate upon copies of their own motion papers the items to which they thought they respectively were entitled in addition to those requested by defendant, Consolidated Edison Co., Inc. This has been done and the six motions will be considered as one. Plaintiffs' counsel have also cooperated in easing the burden of the court in passing upon the numerous requests for particulars, by indicating on defendants' motion papers the particulars consented to.

Plaintiffs, who are electrical appliance dealers and associations of electrical appliance dealers have instituted this suit, on their own behalf and for the benefit of their members and any other dealers similarly situated, to enjoin defendants from carrying out an asserted conspiracy, which is alleged to be in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. The gravamen of the complaint is that defendants, who severally are utility operating companies, manufacturers of electrical appliances and retailers of such appliances, have entered into a conspiracy to dump upon the retail market quantities of electrical appliances at prices and upon terms which assertedly do not reflect the true value of the articles and which confront plaintiffs and other individual dealers with conditions of competition that they are unable to meet. A particular example of the conduct complained of (as set forth in paragraph 16 of the amended complaint) is the offer of the defendants, recently well ad-

vertised to the public, to sell in combination at a price of $40.90, a vacuum cleaner, a lamp and an electric iron, the list price of which is $96.90. Assertedly the purpose of this conspiracy is to monopolize the commerce in electrical appliances. In addition, however, the amended complaint also alleges in paragraphs thirteenth, fourteenth, fifteenth, sixteenth, eighteenth and nineteenth, acts of unfair competition and price discriminations in interstate commerce, which defendants state in effect charge them with violation of the Clayton Anti-Trust Act, 38 Stat. 730, and the Robinson Patman Act, 15 U.S.C.A. §§ 13, 13a, 13b, 21a.

■ It is because of these allegations that defendants have made the motions pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, to compel plaintiffs to state their claims or causes of action in separate counts. Plaintiffs in their brief assert that the allegations in paragraphs thirteenth, fourteenth, fifteenth, sixteenth, eighteenth and nineteenth were added merely to show the method by which the conspiracy to violate the Sherman Anti-Trust Act is carried out, and that the amended complaint states but one cause of action under that Act. Even if this is not so and plaintiffs eventually obtain relief upon some theory other than that which they say is pleaded in their amended complaint, I do not think that this is a case in which a separation of counts is necessary to the clear presentation of the matters set forth in the amended complaint, or to enable defendants to plead thereto. It may be that an outline of facts, which might constitute claims founded upon the Clayton and the Robinson-Patman Acts, has been set forth in these paragraphs, but defendants can as well answer these claims when stated in separate paragraphs as when stated in separate counts.

■ The defendants further ask that plaintiffs state in separate counts each of the separate claims of the plaintiffs or any of them founded upon separate alleged acts of the several defendants or any of them in violation of the three separate statutes named above. This in effect would have each separate plaintiff plead in separate counts its alleged separate claims against each separate defendant. The statement of the request makes evident both its unreasonableness and the futility of any attempt to comply with it. It disregards the basic allegations of plaintiffs' claim—that

defendants entered into a combination or conspiracy to restrain unlawfully and to monopolize interstate commerce in the manner and by the means alleged in the amended complaint, as a result of which plaintiffs have been injured in their business, and that to prevent further injury plaintiffs seek an injunction against the defendants.

For these reasons the motions made by defendants pursuant to Rule 10(b), F.R. C.P., are denied.

■ Under Rule 12(e), F.R.C.P., it is provided that a bill of particulars becomes a part of the pleading which it supplements. Accordingly, the particulars "to enable a party to prepare a responsive pleading or to prepare for trial", are determined with that provision in mind. A contrary view would violate that purpose of the Rules which seeks to obtain short and concise statements of the facts upon which the pleader relies. This does not mean, however, that defendants will be forced to answer general allegations and conclusions, rather than facts, or that the courts will treat the pleadings in all types of actions in the same manner. In cases founded upon the Anti-Trust Act which are dependent for final relief upon the conformation of numerous facts to such flexible concepts as monopoly, interstate commerce, restraint of trade, etc., which are of serious and immediate concern to commercial enterprise, I think that the court should require from plaintiffs in their pleading a statement of facts sufficiently complete to mitigate the dangers that might result if these cases proceeded upon the shaky foundation of a vague and somewhat indefinite complaint. United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229. I am, therefore, inclined to consider liberally defendants' requests for particulars of plaintiffs' claim and I have disposed of their motions in the following manner:

Particulars Requested By Consolidated Edison Company, Inc.

■ Item 1 will be granted. I think that the particulars here requested are directed at the jurisdiction of the court under the Anti-Trust Acts, and the essential facts regarding the injuries suffered by plaintiffs in the course of their business in interstate commerce should be pleaded.

■ Item 2: Plaintiffs should state whether or not the combination alleged in paragraph sixth of the amended complaint

is the same as that alleged in paragraph eleventh of the amended complaint. If the answer is in the negative, the particulars should be given as requested. Without these particulars, the conspiracy as alleged in paragraph sixth of the amended complaint is a vague and nebulous thing.

**Item 5:** Plaintiffs should state generally what portion of the trade in electrical appliances defendants have attempted to restrain or monopolize. It is almost axiomatic in the field of Anti-Trust Law that only unreasonable restraints of trade are bad and a statement of the portion of the trade restrained may very well have a bearing upon the application of this principle to this case. The portion which defendants are alleged to have combined or to have conspired to restrain should also be stated. As the allegation now stands, it is applicable to the entire trade in such appliances and defendants will be put to an unnecessary burden in preparing their defense if the claim in fact is limited to only a portion of the trade.

Plaintiffs object to the last part of item 5, which is directed to the means of the alleged conspiracy and the names of the parties to it, as repetitious. I fail to see the repetition and if such it is, it certainly cannot harm the plaintiffs. The information requested is, I think, necessary for defendants to prepare their answer and to prepare for trial.

**Item 7:** Plaintiffs object to the granting of the last part of this item on the ground that it apparently requests information on matters not alleged in paragraph twelfth of the amended complaint. I agree with this contention. The information sought could not supplement anything alleged generally in paragraph twelfth of the amended complaint and the part of this item objected to will be denied.

**Item 8:** This request relates to paragraph thirteenth of the amended complaint. Plaintiffs object to stating in their pleading the names of other dealers whom defendants are alleged to have refused equal conditions of sale. Although more detailed information can better be obtained by way of interrogatories or examination before trial, I think the defendants should have at least the names of the "other dealers in electric appliances", before answer.

**Item 9:** The parts of this item to which plaintiffs object, request the facts concerning a price discrimination alleged in paragraph fourteenth of the amended complaint. Without such facts, the allegation is extremely vague and merely is that there was price discrimination practiced by defendants which tended to create a monopoly in electric appliances. The objection to the item will therefore be overruled.

**Item 10:** Here plaintiffs object to stating the facts concerning allegedly false, misleading and fraudulent advertising published by defendants as alleged in paragraph fifteenth of the amended complaint. All averments of fraud should be pleaded with particularity, see Rule 9(b), Federal Rules of Civil Procedure, and this objection will be overruled.

Plaintiffs have consented to give the information requested in part of this item and I think such information should be sufficient for defendants' purposes. I will sustain the objections made to the remainder of the item, inasmuch as the information concerning the extent of injuries to plaintiffs has already been ruled upon and allowed in item 1, and the request for names and addresses of other dealers has been ruled upon and allowed in item 8.

Item 12: Granted. See item 8.

Item 13: The major part of this item is consented to. I think the words "this plaintiff" refer to Lowe Electrical Co., Inc., whose president, Edward Lowe, verified the amended complaint. At any rate, when plaintiffs give the particulars of claimed general damage as requested by item 18, hereinafter allowed, defendant, Consolidated Edison Company, will have the information sought in the last part of this item 13.

**Item 14:** Plaintiffs should state the facts of their claim that defendants are unfairly competing with plaintiffs as requested in the first part of this item. I do not think, however, that they need furnish the information requested in the last part of this item which is directed to that portion of paragraph twentieth of the amended complaint which alleges that defendants "monopolistic rights * * * constitute a trust fund for the benefit of the public consumers * * *." The pleading itself is argumentative and is merely an attempt to characterize the position held by defendant utility companies. It would add nothing to the clarity of the amended complaint to require that this allegation be expanded.

Item 16: So far as this item seeks the facts of the claim alleged in paragraph twenty-second by way of requiring plaintiffs to state the names of persons alleged to have been affected by defendants' conduct it is governed by the ruling with regard to item 8. This item is granted.

Item 17: With reference to the allegations of paragraph twenty-third of the amended complaint, plaintiffs should state the facts concerning their claim that the defendant manufacturers have been granted the use of the prestige and resources of defendant utility companies. With respect to the last part of this item, plaintiffs should also furnish the facts of its claim that defendant manufacturing companies are competing unfairly with plaintiffs. It should also furnish the names of the other retailers claimed to have been affected by defendants' conduct.

Item 18: The information requested by this item should be furnished. The amended complaint seeks injunctive relief and plaintiffs should particularize their damages so as to show the equities of their case.

### Additional Particulars Requested By R. H. Macy & Co., Inc.

Item 2: Granted. The additional information requested is a proper supplement to that requested by defendant, Consolidated Edison Company, Inc. If plaintiffs state the alleged arrangement is inferred from conduct of the parties, the allegation will mean nothing unless the facts constituting such conduct are set forth in some detail.

Item 4: Same ruling.

Item 5: Granted, as to first part. See item 8 of defendant Consolidated Edison Company's requests. Second part also granted.

Item 7: Granted. See item 14 of defendant Consolidated Edison Company's requests.

### Additional Particulars Requested By Davega, Inc.

The only additional item (No. 5) is consented to.

### Additional Particulars Requested By Artistic Lamps Manufacturing Co., Inc.

All the specified requests of items 5, 6, 8, 9, 10, 14 and 16 are consented to.

### Additional Particulars Requested By Proctor Electric Company.

The specified parts of items 2, 5, 6, 7, 9, 10, 11, 12, 13 and 16 are consented to.

Item 8: Granted. See item 8 of defendant Consolidated Edison Company's motion.

Item 14: Granted. See item 14 of defendant Consolidated Edison Company's motion.

### Additional Particulars Requested By General Electric Company.

These relate to paragraph seventeenth of the amended complaint and are granted on consent. See, also, item 10 of defendant Consolidated Edison Company's motion.

A single order should be prepared in accordance with this disposition of the motions. An endeavor should be made to agree on the form of the order; otherwise, settle order on two days' notice.