## SECURITIES AND EXCHANGE COMMISSION v. OKIN.

### No. 153.

Circuit Court of Appeals, Second Circuit.

Nov. 29, 1943.

Samuel Okin, of New York City, pro se, appellant.

John F. Davis, Sol., Milton V. Freeman, Asst. Sol., Mayer U. Newfield, Sidney H. Willner, and W. Victor Rodin, Attys. for Securities and Exchange Commission, all of Philadelphia, Pa., for appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Electric Bond and Share Company is a registered holding company subject to the jurisdiction of the Securities and Exchange Commission. The appellant, Samuel Okin, is the owner of common stock of said company. On November 9, 1942, he filed with the commission a proposed letter and form of proxy the mailing of which, the Commission charged, would violate section 12 (e) of the Public Utility Holding Company Act, 15 U.S.C.A. § 79*l*(e), and the Commission's rules relating to the solicitation of proxies. It thereupon brought the present suit pursuant to § 18(f) of the Act, 15 U.S.C.A. § 79r(f) to enjoin Okin from mailing to stockholders of Electric Bond and Share the proposed letter and form of proxy. A preliminary injunction was granted, from which Okin's appeal to this court was dismissed. Securities and Exchange Commission v. Okin, 2 Cir., 137 F.2d 862. The present appeal is from the final judgment of permanent injunction entered May 18, 1943. The appellant contends (1) that no injunction should have been issued, and (2) that the form of the injunction violates the Judicial Code, 28 U. S.C.A. § 383.

With respect to the first contention the appellant's argument is that no injunctive relief was required at the time of final hearing because he had abandoned his intention of mailing the November letter, and had substituted therefor the letter of January 11, 1943, which cured many (or, as he claims, all) of the Commission's objections to the November letter. But it is well settled that the right to an injunction is not defeated by a defendant's discontinuance of his illegal conduct if the likelihood of its resumption is found to exist. See United States v. Trans-Missouri Freight Ass'n, 166 U.S. 290, 309, 17 S.Ct. 540, 41 L.Ed. 1007; Securities and Exchange Commission v. Torr, 2 Cir., 87 F. 2d 446, 449. The trial judge made findings that the November letter contained false and misleading statements; that the appellant intends to continue his plan of soliciting proxies; that there is reasonable ground to believe that unless restrained he will mail to stockholders proxy soliciting material which is false and misleading; and that he still contends that none of the statements in the November letter was false or misleading. These findings amply justify the granting of equitable relief.

Only with respect to the finding numbered 8(f) in paragraph 3 are we unable to support the findings of fact. This relates to a paragraph in the November letter which reads as follows: "In the meantime, I commenced an action in the Supreme Court of the State of New York against the management of Electric Bond and Share Company and its wholly owned subsidiary, Ebasco Services Incorporated, to enjoin the wasting of the assets of the company and to prevent the formulation of plans which I contended were contrary to law, and all of which were causing substantial financial losses to the company and its stockholders. In said action, I made an application for a temporary injunction and found that the Securities and Exchange Commission sent one of its staff attorneys to appear before the Court to aid the attorneys for the management to per-

suade the Court not to grant me any relief because of their argument that such relief would interfere with the alleged jurisdiction of the Commission. The result was that the Court denied my application because it was of the opinion that the Commission had sole jurisdiction and stated that the issues must be tried." The court found this statement to be false and misleading, and enjoined the defendant from making any false or misleading statement concerning "the purposes for which the representatives of the Commission participate in Court proceedings." While the characterization of the purpose of the Commission in having its staff attorney appear in court might have made the statement false and misleading if nothing more had been said, the statement went on to explain that the staff attorney argued with persuasive effect that the Commission had sole jurisdiction of the matters in controversy. This explanation discloses that the Commission's real purpose was to protect its own jurisdiction, and is sufficient to prevent any reader from being misled by Okin's characterization of the purpose. We think the finding is not supportable and that paragraph 1(c) should be deleted from the judgment.

We pass now to the contention that the form of the injunction violates the Judicial Code, 28 U.S.C.A. § 383, which provides: "Every order of injunction or restraining order * * * shall be specific in terms, and shall be described in reasonable detail, and not by reference to the bill of complaint or other document, * * *." In our opinion the judgment is not sufficiently specific. It should be modified by striking the word "concerning" which precedes subparagraph (a) in paragraph (1), and by substituting for subparagraphs (a) to (f) inclusive in said paragraph (1) the following:

(a) By giving the impression that the Commission was awaiting the formulation of a plan for the distribution of all the assets of Electric Bond and Share Company to its preferred stockholders.

(b) By stating that the defendant was denied intervention, without also stating that he was permitted to participate in the proceedings, where such was the fact.

(c) By stating that the operation of subsidiaries was causing substantial losses to Electric Bond and Share Company when the impression intended to be conveyed was that the capital invested in such subsidiaries could more profitably be employed otherwise.

(d) By stating that the defendant has succeeded in stopping an intended subordination of Electric Bond and Share Company's claim against United Gas Corporation to a proposed bond issue of United Gas Corporation without stating that, at the time of the proposed financing, proceedings instituted by the Commission were pending and the proposed subordination was designed to conserve the assets of certain subsidiaries of Electric Bond and Share Company with protection for the interests of security holders of Electric Bond and Share Company.

(e) By stating that it was proposed to waste the assets of Electric Bond and Share Company by transferring the assets of Ebasco Services, Inc., having an aggregate value of $897,155.59 for the sum of $400,000 cash, and the assumption of certain alleged liabilities, and that included in such liabilities was an alleged reserve for contingencies amounting to $160,000 which represented a contemplated attempt to create pensions for present officers of Ebasco Services, Inc., who were former employees of Electric Bond and Share Company.

(f) By any other statement which is false or misleading or which omits to state any material fact necessary to be stated in order to make the statement not false or misleading, similar to those specifically found to be false and misleading and particularly referred to in (a) to (e) supra.

As thus modified the judgment is affirmed. No costs of appeal are awarded either party.