SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

James B. BOREN, Defendant-Appellant, and

Belmont Oil Corporation, Joel A. Fox, National Registrar and Transfer Company, Peerless-New York Incorporated, Edward Cantor, Michael Canter, Morris J. Reiter d/b/a M. J. Reiter Company, Myron Rosenthal and Howard Stolle d/b/a H. G. Stolle and Company, Carlton Securities, Inc., David Mandel, Harry Cohen, Abe Bigelison, and The First National Bank of Wichita Falls, Texas, Defendants.

SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,

v.

James B. BOREN, Defendant-Appellant, and

Belmont Oil Corporation, Joel A. Fox, Vince Schwenoha, Helen Schwenoha, Peerless New York Incorporated, Morris J. Reiter d/b/a M. J. Reiter Company, Myron Rosenthal and Howard G. Stolle d/b/a H. G. Stolle and Company, and Carlton Securities, Inc., Defendants.

Nos. 24–25, Docket Nos. 26105–26106.

United States Court of Appeals Second Circuit.

Argued Oct. 3, 1960.

Decided Oct. 27, 1960.

Thomas G. Meeker, General Counsel, David Ferber, Asst. General Counsel, Theodore Zimmerman, Attorney, Securities and Exchange Commission, Washington, D. C., for plaintiff-appellee.

Moss, Wels & Marcus, New York City (Richard H. Wels, James L. Adler, Jr., New York City, of counsel), for defendant-appellant.

Before HINCKS, WATERMAN and MOORE, Circuit Judges.

PER CURIAM.

Appellant, pending final determination on the merits of the allegations contained in an SEC complaint, was enjoined from selling shares of the Belmont Oil Corporation in interstate commerce and from obtaining money or property through such sales by means of untrue statements of material facts or by means of omission to state material facts necessary to make these statements not misleading ones. The complaint alleges that the abuses complained of commenced on or about November 7, 1957, when it is undisputed that appellant was involved in the corporation. Also not denied in the reply affidavits are statements in the affidavits of the SEC's agents as to appellant's intimate relationship to and knowledge of the operations of Belmont Oil until December 11, 1958. Furthermore, complainant asserts a continuing association thereafter. Appellant contends that his connection with Belmont terminated on December 11, 1958, and that, therefore, he was improperly enjoined.

On the motion for a preliminary injunction the district court was not required to irrevocably determine how long appellant had maintained a continuing active interest in the company. It was only necessary for the court to find that the petitioning agency had presented a strong prima facie case to justify the discretionary issuance of the interlocutory restraint. Hamilton Watch Co. v. Benrus Watch Co., 2 Cir., 1953, 206 F.2d 738; Bowles v. Montgomery Ward & Co., 7 Cir., 1944, 143 F.2d 38. Moreover, the cases are clear that a cessation of the alleged objectionable activities by the defendant in contemplation of an SEC suit will not defeat the district court's power to grant an injunction restraining continued activity. See United States v. Parke-Davis & Co., 1960, 362

U.S. 503, 80 S.Ct. 503, 4 L.Ed.2d 505; S. E. C. v. Culpepper, 2 Cir., 1959, 270 F. 2d 241; Otis & Co. v. S. E. C., 6 Cir., 1939, 106 F.2d 579; S. E. C. v. Universal Service Ass'n, 7 Cir., 1939, 106 F.2d 232. S. E. C. v. Torr, 2 Cir., 1937, 87 F.2d 446, relied on by appellant, supports this general rule that a discontinuance of objectionable activities is no bar to the issuance of the injunction, though there it was thought that extenuating circumstances should have led the court to deny the motion for the injunction.

Affirmed.