**SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,**

v.

**H. S. SIMMONS & CO., Inc., Harry
Simmons, Defendants.**

United States District Court
S. D. New York.

Jan. 21, 1961.

Paul Windels, Jr., S. E. C., Regional Admr, Franklin Kavaler, Elmhurst, N. Y., for plaintiff.

Justin W. D'Atri, New York City, for defendants.

WEINFELD, District Judge.

As indicated upon the argument of the motion, the plaintiff is entitled to preliminary injunctive relief since the basic allegations contained in the moving affidavits are not challenged. They establish that the corporate defendant is insolvent, that it has violated the Commission's Net Capital Rule, and that shares of stock having a value of $42,000 were removed from accounts of six customers without their authorization and used by the corporate defendant for its benefit. A further investigation by the plaintiff indicates that, in addition to the above transactions, there was another unauthorized use and sale of customers' securities totalling $24,000.

The plaintiff urges appointment of a receiver for the corporate defendant on the ground that its assets and property belonging to customers may be further disposed of in violation of customers' and creditors' interests. The defendant opposes the appointment, contending that section 21(e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u(e), authorizes the plaintiff to apply only for injunctive relief and makes no provision for the appointment of a receiver on the Commission's application.

While it is true that section 21(e) contains no express authorization to the Commission to apply for such appointment, "when Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in the light of statutory purposes."[1] Thus, the Court's inherent equity power may be resorted to when necessary to prevent diversion

---

1. Mitchell v. Robert De Mario Jewelry, Inc., 1960, 361 U.S. 288, 291–292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323. See Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332.

or waste of assets to the detriment of those for whose benefit, in some measure, this injunctive action is brought. Although a general purpose of the suit is to protect the investing public from the consequences of continued violations of the Act, a specific purpose is the protection of those who already have been injured by a violator's actions from further despoliation of their property or rights.

As already noted, stocks of individual customers of the corporate defendant have been diverted and such assets as remain may suffer a similar disposition. Both customers and creditors of the defendants are entitled to have the status quo preserved pending whatever insolvency or other proceeding they may deem advisable in the protection of their respective interests.

Under the circumstances the Court is justified in exercising its power to appoint a receiver to prevent further diversion of stocks and other assets and to assure compliance with the terms of the preliminary injunctive order, the case for which has clearly been made out.

In Los Angeles Trust Deed & Mortgage Exchange v. S. E. C., 1960, 9 Cir., 285 F.2d 162, the Ninth Circuit Court of Appeals considered, and ruled adversely, to the defendant's contention.[2] The action was commenced by the SEC pursuant to 15 U.S.C.A. § 77t(b) of the Securities Act of 1933, and the substantially identical section of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u (e), the latter being the provision under which the instant suit was brought, and which defendant here contends does not authorize the plaintiff to apply for the appointment of a receiver. The Court of Appeals there held:

"[W]e conclude there exists under [the Securities Exchange Act and the Securities Act] the power and authority in the SEC to bring this action, and power in the district court, as a court of equity, to appoint

a receiver to maintain in status quo the assets of the appellants and the respective purchasers of the second trust deeds until such time as the appellants can comply with the law, or dissatisfied trust deed holders or other creditors may take the necessary steps to prove by regular and ordinary methods that the several appellants are insolvent and/or unable to meet their obligations."

The motion for the appointment of a receiver for the corporate defendant is granted.

**2.** Cf. Aldred Investment Trust v. S. E. C., 1 Cir., 1945, 151 F.2d 254, 260–261, cer-

tiorari denied, 1946, 326 U.S. 795, 66 S. Ct. 486, 90 L.Ed. 483.