**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Erling C. OLSEN d/b/a Fitch Investors Service, Defendant.**

United States District Court
S. D. New York.

June 3, 1965.

Llewellyn P. Young, Regional Administrator, Richard L. Veron, Sr., John T. McLoughlin, New York City, for the SEC.

Aranow, Brodsky, Bohlinger, Einhorn & Dann, New York City, for defendant. Robert Roy Dann, William M. Kaplan, Robert J. Ward, Victor M. Rosenzweig, New York City, of counsel.

TYLER, District Judge.

Upon this motion, plaintiff ("SEC") seeks a preliminary injunction pursuant to Rule 65, F.R.Civ.P. enjoining the defendant and his agents from wilfully making false statements of material facts in registration applications or reports required by Sections 203 and 204 (15 U.S.C. §§ 80b–3 and 80b–4) of the Investment Advisers Act of 1940, and corresponding regulations, and to require defendant to make available certain books and records as provided by the aforesaid Section 204 of the Act.

At the argument of this motion, it developed that there is no real dispute as to the essential facts. Defendant has been doing business for a number of years under the name and style of Fitch Investors Service and also as the chief executive officer, a director and controlling stockholder of Fitch Publishing Co., Inc. Both defendant, under the name of Fitch Investors Service, and Fitch Publishing Co., Inc. have been registered as investment advisers under the Investment Advisers Act of 1940 for a number of years past.

I find that, as defendant in effect concedes, both he and Fitch Publishing Co., Inc. have consistently filed false statements with the SEC; that he and the company have misappropriated clients' funds and securities and have employed deceptive practices with customers at least during the period from 1960 through 1964 in violation of Section 206 of the Advisers Act (15 U.S.C. § 80b–6) ; and Section 10(6) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j) ; and that he and the company have consistently failed and refused, despite every reasonable notice and courtesy extended by representatives of the SEC, to permit the latter to examine the books and records required to be kept by registered investment advisers pursuant to the provisions of 15 U.S.C. § 80b–4 and Rule 204–2 of the Commission (17 C.F.R. 275.204–2).

Although he does not dispute the above salient facts, defendant does contend that he has been unable to turn over the required records because of illness and, more importantly, a fear on his part that to do so will be effective self-incrimination in derogation of his constitutional rights. To frame this argument more particularly as I understand it, defendant argues that the records in question are his private property and thus cannot be obtained by mandatory injunction here since this would constitute an unreasonable search and seizure in derogation of the Fourth Amendment and, as well, an effective compulsion to incriminate himself in contravention of the Fifth Amendment.

Unfortunately for defendant, this principal legal argument is built upon the faulty first premise that the records in question as required by the SEC under the statute and regulations are private records of his. On the contrary, they are quasi-public records and thus must be produced even though it is possible that defendant might be prosecuted later on the basis, in part at least, of what these records disclose. United States v. Pine Valley Poultry Distributors Corp., 187 F.Supp. 455 (S.D.N.Y.1960), Shapiro v. United States, 335 U.S. 1, 68 S. Ct. 1375, 92 L.Ed. 1787 (1948).

As to defendant's argument that he is seriously ill and thus unable to comply with any mandatory requirements of producing the books and records in question, it need only be observed that defendant has employees and agents who are perfectly capable at his direction of making available these documents.

Defendant also asserts that there is no adequate showing of necessity for drastic injunctive relief in that all of the conceded violations on his part were in the past and are not now continuing. But the plain terms of Section 209(e) of the Act provide, among other things, that "[u]pon a showing that such person has engaged * * * in any such act or practice (in violation of the Act) * * * a permanent or temporary injunction * * * shall be granted * * *." In other words, the SEC is entitled to the relief which it seeks upon the basis of defendant's past undisputed

violations even if it be assumed that defendant in fact has ceased. See S. E. C. v. Boren, 283 F.2d 312 (2d Cir. 1960).

 Finally, defendant urges that, because his activities as charged are already proscribed by the Act, there can be no need to enjoin him from continuing such acts and practices. The short answer to this, of course, is that he has been unwilling to obey the plain requirements of the Act heretofore, and thus the SEC is plainly entitled to an enforcement tool to make defendant obey the law hereinafter.

A temporary injunction should issue. Settle order upon notice.