**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**QUING N. WONG et al., Defendants,
Puerto Rico Capital Corporation, a
nominal defendant.**

Civ. No. 375–65.

United States District Court
D. Puerto Rico.

April 6, 1966.

Motion to Amend Order Denied
May 31, 1966.

Philip A. Loomis, Jr., Walter P. North, Meyer Eisenberg, Roy Nerenberg, Edward T. O'Dell, Jr., Washington, D. C., for plaintiff.

Baker & Woods, San Juan, P. R., Raichie, Moore, Banning & Weiss, Buffalo, N. Y., McConnell, Valdés & Kelley, Nachman & Feldstein, A. J. Amadeo Murga, San Juan, P. R., for defendants.

CANCIO, District Judge.

This case is now before the consideration of this Court on a motion by defendant Thomas R. Gómez to dismiss for lack of jurisdiction. This co-defendant contends that the United States District Court for the District of Puerto Rico lacks jurisdiction over the subject matter of this complaint under sections 80a–35, 80a–43 and 78aa, Title 15 U.S.C. This position is predicated on the theory that jurisdiction is granted under the Act to "District Courts of the United States, United States Courts of any Territory, or to a United States Court for any place of district jurisdiction in the United States," and that the United States District Court for the District of Puerto Rico does not fall under any one of these classifications.

Defendant's first argument is to the effect that this Court can not be considered a District Court of the United States created under Article III of the Federal Constitution. He further argues that, since 1952, Puerto Rico is no longer a territory nor a possession of the United States. Lastly defendant takes the position that Puerto Rico is not "a place subject to the jurisdiction of the United States" since Puerto Rico is sovereign in its internal matters and the government is the product of the will of the people.

These arguments can be disposed of readily. Section 2(a) (37) of the Investment Company Act of 1940 declares that " 'State' means any state of the United States, the District of Columbia,

Puerto Rico, the Canal Zone, the Virgin Islands, or any other possession of the United States." It is also provided in 48 U.S.C. § 734 that "[t]he statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States * * *."

■ There can be no doubt that prior to the year 1952 Congress had the power to include Puerto Rico, then an unincorporated territory, under the jurisdiction of the Securities and Exchange Commission. During all of the legislative and constitutional processes of 1950–52 which led to the creation of the Commonwealth of Puerto Rico, there was no indication whatever that the parties to the proposed compact * intended to divest Congress of this power; nor does defendant Gómez claim that today Congress lacks authority to legislate for Puerto Rico in the manner it did in 1940. Hence what remains before us is not a constitutional problem but a question of legislative will and statutory construction.

When conferring jurisdiction to the courts under this statute, as well as under all statutes administered by the Securities and Exchange Commission, Congress used as all encompassing a term as possible; that is to say, Congress intended to exert all the power to grant jurisdiction that it had under the Constitution. There is no indication that it has changed its mind since.

■ The legislative record of Law 600 and all that was done in the United States and in Puerto Rico until the Constitution was proclaimed on July 25, 1952 is most clear in this respect. None of the parties to the compact intended to amend or repeal *sub silentio* the then existing laws of the United States applicable to Puerto Rico when, as in this case, Congress, under the agreement, retained its

power to legislate on those matters as theretofore. The Puerto Rican Federal Relations Act does not contradict the applicability of this Act to Puerto Rico. On the contrary, it provides generally for such application. 48 U.S.C. § 863. Thus, there can be no question that this Court has jurisdiction in the matter before it.

The Court being fully advised on the premises, and after having heard the argument of counsel and read the briefs by them submitted, finds that the motion of defendant Thomas R. Gómez to dismiss for lack of jurisdiction is not well taken and should be, and hereby is, dismissed.

It is so ordered.

It is further ordered, adjudged and decreed that the defendant, Thomas R. Gómez, Jr., shall answer the complaint in this action forthwith.

### On Defendant's Motions

Plaintiff Securities and Exchange Commission ("Commission") filed a complaint in this Court alleging *inter alia*, that defendant Scott and other officers or directors of Puerto Rico Capital Corporation ("PRCC") a registered investment company, had violated: (1) the anti-fraud provisions of the Securities Exchange Act (Section 10(b) and Rule 10(b) (5) thereunder, 15 U.S.C. § 78j(b) and 17 CFR 240.10b–5, respectively); and (2) certain provisions of the Investment Company Act which (a) forbid transactions between (or joint ventures involving) a registered investment company and its affiliates (Sections 17(a) and 17(d), 15 U.S.C. § 80a–17(a) and 80a–17(d) and (b) prohibit the conversion of the assets of a registered investment company (Section 37, 15 U.S.C. § 80a–36). The complaint seeks, *inter alia*, (1) injunctions against "further violations" of these sections of the federal securities laws, (2) an accounting for the

---

* *Be it enacted by the Senate and the House of Representatives of the United States in Congress assembled,* That fully recognizing the principle of government by consent, this Act is now adopted in the nature of a compact so that the people of Puerto Rico may organize a Constitution of their own adoption. Sect. 1, P.L. 81–600, 64 Stat. 319.

losses thereby allegedly incurred by PRCC and restitution to PRCC by the defendants, and (3) an injunction pursuant to Section 36 of the Investment Company Act (15 U.S.C. § 80a–35) prohibiting defendants from serving as officers or directors of a registered investment company because of their alleged "gross abuse of trust."

Defendant Scott has moved to strike the complaint, the captions, and various paragraphs and counts thereof, and also to dismiss the complaint in as much as he is concerned. These motions came on for hearing before this Court, and on the basis of the motions, the oral argument, the pleadings and the memoranda submitted by the parties, defendant Scott's motions are denied except as hereinafter expressly provided and the defendant Scott is ordered to answer the complaint forthwith.

Defendant's motion to strike or dismiss attacks the complaint on grounds of immateriality, prejudice, the failure to state a claim, and lack of standing of plaintiff to sue. As set out below, the Court finds that the allegations of the Commission's complaint state a claim against defendant Scott upon which relief can be granted, that the Commission has standing to assert the claims alleged and to seek the equitable relief requested, that the complaint stands as a unit and that each count and paragraph thereof, when read as a part of the whole, were properly included and, therefore, that no count or paragraph should be stricken.

Defendant Scott contends that the complaint is deficient with respect to the allegations of a violation of Section 10 (b) of the Securities Exchange Act and Rule 10(b) (5) thereunder, since it fails to allege that plaintiff (The Commission) is a defrauded purchaser or seller of the securities. Apparently defendant is confusing the requirements for a private suit involving the fraudulent purchase or sale of securities grounded on Section 10(b) and Rule 10(b) (5) [1] with the right of the Commission under Congressional mandate to enforce the provisions of the statute.

 This is the case of a public agency enforcing public policy. The Commission does not have to engage in the purchase or sale of securities. In order to bring suit under the statutes which it has a duty to enforce, a regulatory agency need not be itself the victim. The Commission acts here under the authority of the Securities Exchange Act to protect the public and not to protect itself as an investor. Section 21(e) of the Securities Exchange Act permits the Commission to institute an action to enjoin violations of the provisions such as those allegedly involved here, or, similarly, any provision of the Act or the Rules thereunder, with no further allegations than that the defendants are engaged in acts and practices which have violated Section 10(b) or Rule 10(b) (5).

The complaint also states as a cause of action against the defendant an alleged "gross abuse of trust", in respect to PRCC, in violation of Section 36 [2] of the

1. See, Ruckle v. Roto American Corp., 339 F.2d 24, 26 (C.A.2, 1966); O'Neill v. Maytag, 339 F.2d 764 (C.A.2, 1964); Hooper v. Mountain State Securities Corp., 282 F.2d 195 (C.A.5, 1960) cert. denied 365 U.S. 814, 81 S.Ct. 695, 5 L. Ed.2d 693 (1961).

2. Section 36 provides:
 INJUNCTIONS AGAINST GROSS ABUSE
 "The Commission is authorized to bring an action in the proper district court * * * alleging that a person serving or acting in one or more of the following capacities has been guilty, after the enactment of this title and within five years of the commencement of the action, of gross misconduct or gross abuse of trust in respect of any registered investment company for which such person so serves or acts:
 (1) as officer, [or] director, * * *
 If the Commission's allegations of such gross misconduct or gross abuse of trust are established, the court shall enjoin such person from acting in such capacity or capacities either permanently or for such period of time as it in its discretion shall deem appropriate."

Investment Company Act, 15 U.S.C. 80a–35. Defendant contends that he can not be enjoined under that Section because he believes that the person so charged must be acting or serving in such office *at the time suit is instituted* and he had resigned from his position as a director of PRCC prior to the institution of the action.

■ Defendant's proffered interpretation of Section 36, if adopted, would provide an easy escape from the intent of Congress in enacting this provision. Section 36 must have been intended to implement the policy and purposes of the Investment Company Act set out by the Congress in Section 1(b), 15 U.S.C. 80a–1(b), thereof:

> "[T]he policy and purposes of this title, in accordance with which the provisions of this title shall be interpreted, are to mitigate and, so far as is feasible, to eliminate the conditions enumerated in this section which adversely affect the national public interest and the interest of investors."

Section 1(b) (2) enumerates as one of the conditions adversely affecting the national public interest the organization, operation, or management of investment companies, or the selection of portfolio securities therefor in the interest of directors and officers, rather than in the investment company's own best interests. The complaint in the case at bar alleges that very activity. The statutory policy, therefore, does not support defendant's reading of Section 36.[3]

Moreover, defendant's reading of Section 36 is not supported by the terms of the section. Defendant argues that the terms "serving or acting" require the possession of the office of trust abused at the time suit is *instituted*. We do not agree. It is our opinion that those terms refer to the time that the abuse of trust occurred. The text must be read in context.[4] The statute of limitations under Section 36 makes it reasonable to assume that Congress meant to require that action be commenced within five years of the time the violations occurred. Congress could not have intended to create a loophole which would permit a guilty officer or director to render the Section ineffectual simply by his own election to resign after he has committed the violation, and as soon as he realizes that the Securities and Exchange Commission is after him.

■ Therefore, we hold that a director[5] of an investment company is not free from the reach of the provisions of Section 36 merely by resigning from his position. Congress in Section 36 intended to bar a guilty director not only from acting in a position of trust with respect to the company he abused but with respect to other investment companies as well. It is inconceivable that a director could insulate himself from an injunction under Section 36 and the regulatory consequences which would follow, merely by resigning from his position of trust on, let us say, the day before suit is instituted. Defendant's position, if accepted by this Court, would support the absurd conclusion that a director who is engaged in misconduct and either is fired upon discovery, or resigns when an investigation is commenced, can not be enjoined since he no longer holds office. In addition to this, it has been repeatedly held that a request for injunctive relief is not

---

3. See, Brown v. Bullock, 194 F.Supp. 207 (S.D.N.Y., 1961), affirmed, 294 F.2d 415 (C.A.2, 1961).

4. Securities and Exchange Commission v. C.M. Joiner Leading Corp., 320 U.S. 344, 351, 64 S.Ct. 120, 88 L.Ed. 88 (1943).

5. In this and other parts of this Order we refer to "a director", "officers", etc., of investment companies, and then make comments on some provisions of law. In so doing we do not have in mind the defendants herein or any person in particular. Consequently, nothing contained in this Order shall be interpreted as derogatory to anyone. We are ignorant of the facts of this case and could not possibly arrive to any conclusion at this stage.

to be denied merely because of cessation of the illegal activity.[6]

Scott's resignation notwithstanding, the Commission's allegations that he committed "gross abuse of trust" while a director of PRCC, a registered investment company, within five years of the date upon which the action was commenced, suffice to state a claim upon which relief can be granted under Section 36 of the Investment Company Act. Otherwise the protection of Section 36 would become illusory.

## MOTION TO DISMISS DENIED

■■ A complaint should not be dismissed for failure to state a claim unless it appears to be a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Thomason v. Hospital TV Rentals Inc., 272 F.2d 263, 266 (C.A.8, 1959); Thompson v. Brotherhood of Sleeping Car Porters, 316 F.2d 191, 199 (C.A.4, 1963); García v. Hilton Hotels International, 97 F.Supp. 5, 8 (D.P.R., 1951); see generally, 2 Moore's Federal Practice, § 12.08. The complaint at bar does not require dismissal under this rule. It states claims, *inter alia*, under Section 10(b) of the Securities Exchange Act, Rule 10(b) (5) thereunder, and Section 36 of the Investment Company Act.

## RESTITUTION

■ Co-defendant Scott further contends that the Commission can not properly seek restitution for losses suffered by PRCC arising out of the alleged violations of the federal securities laws

since the statutes specifically authorize no civil remedy other than injunctions. Similar contentions have been rejected by the Supreme Court in analogous cases. Once the general equitable jurisdiction of a District Court has been properly invoked, the broad and flexible powers inherent in such jurisdiction may be utilized to "mould each decree to the necessities of the particular case." Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 592 (1944); Porter v. Warner Holding Company, 328 U.S. 395, 398, 66 S.Ct. 1086, 90 L.Ed. 1332 (1946); Mitchell v. Robert DeMario Jewelry Inc., 361 U.S. 288, 291, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960).

■ Where appropriate, this Court may utilize its inherent equitable powers, invoked by an injunctive action under Section 36, to do justice and grant full relief. Aldred Investment Trust v. Securities and Exchange Commission, 151 F.2d 254 (C.A.1, 1945), cert. denied, 326 U.S. 795, 66 S.Ct. 486, 90 L.Ed. 483. Injunctive actions under the Securities Exchange Act are not distinguishable in their invocation of full equitable powers. See Securities and Exchange Commission v. Los Angeles Trust Deed and Mortgage Exchange, 186 F.Supp. 830 (N.D.Cal., 1960), modified and affirmed, 285 F.2d 162 (C.A.9, 1960), cert. denied, 366 U.S. 919, 81 S.Ct. 1095, 6 L.Ed.2d 241 (1961); Securities and Exchange Commission v. H. S. Simmons & Co., Inc., 190 F.Supp. 432 (S.D.N.Y.1961).

■ The restriction urged by defendant would prevent this Court from providing complete and effective relief. No such limitation on the equity power of this Court is found in the Investment Company Act.

---

6. See e. g., United States v. Parke Davis & Co., 362 U.S. 29, 47–49, 80 S.Ct. 503, 4 L.Ed.2d 505 (1960); Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S.Ct. 587, 88 L.Ed. 754 (1944); Securities and Exchange Commission v. Keller Corp., 323 F.2d 397, 402 (C.A.7, 1963); Los Angeles Trust Deed & Mortgage Exchange v. Securities and Exchange Commission, 285 F.2d 162, 181 (C.A.9, 1960); Securities and Exchange Commission v. Boren,

283 F.2d 312, 313 (C.A.2, 1960); Securities and Exchange Commission v. Culpepper, 270 F.2d 241, 249–250 (C.A.2, 1959); Securities and Exchange Commission v. Okin, 139 F.2d 87, 88 (C.A. 2, 1943); Otis & Co. v. Securities and Exchange Commission, 106 F.2d 579, 583–584 (C.A.6, 1939); Securities and Exchange Commission v. Universal Service Ass'n, 106 F.2d 232, 239–240 (C.A.7, 1939).

As the Supreme Court noted in Schine Chain Theatres, Inc. v. United States, 334 U.S. 110, 128, 68 S.Ct. 947, 957, 92 L.Ed. 1245 (1948) when ordering divestiture under the Sherman Act although that statute lacked a provision specifically authorizing that remedy:

"To require divestiture of theatres unlawfully acquired is not to add to the penalties that Congress has provided in the antitrust laws. *Like restitution it merely deprives a defendant of the gains from his wrongful conduct. It is an equitable remedy designed in the public interest to undo what could have been prevented had the defendants not outdistanced the government in their unlawful project.* * * *" (Emphasis added.)

In our opinion, this Court may, in cases like this, order an accounting and restitution to PRCC, and provide such other equitable relief as might be necessary to protect the public interest and effectuate the statutory purpose.

## MOTIONS TO STRIKE

■ That part of defendant's motion which seeks to strike paragraphs 1, 11 and 17 of the complaint is denied. Motions to strike are not favored in federal practice and are rarely granted. Bank of Nova Scotia v. San Miguel, 9 F.R.D. 171, 178 (D.P.R., 1949). As this Court pointed out in that case, matters will not be stricken from a complaint unless the allegations have no possible bearing upon the subject of the litigation and, even then, matters literally within the provisions of Rule 12(f) will not be stricken unless their presence in the complaint is shown to be prejudicial or harmful to the defendant. See generally, 2 Moore's Federal Practice § 12.21, pp. 2317–18. This Court in the *Bank of Nova Scotia* case, supra, has cited Moore with approval and has adopted the general attitude towards such motions expressed in Securities and Exchange Commission v. Timetrust, Inc., 28 F.Supp. 34 (N.D.Calif., 1939):

" 'Because of the liberal view taken by the court in holding the complaint sufficient, it is unnecessary to give serious consideration to defendant's motion to strike. Perfection in pleading is rare. There may be allegations in the complaint which might have been more briefly and clearly stated, and some sentences which might properly have been left out, but this kind of criticism could be urged in all cases. Prolixity is a besetting sin of most pleaders. Courts should deal with the substance, and not the form of the language of the pleadings. Where no harm will result from immaterial matter not affecting the substance, courts should hesitate to disturb a pleading.' Securities and Exchange Com'n v. Timetrust, Inc., D.C., 28 F.Supp. 44." (Bank of Nova Scotia v. San Miguel, 9 F.R.D. at 178.)

Defendant has shown no circumstances which would render the above inapplicable to this complaint.

■ Further, that part of defendant's motion which seeks to strike Counts II, V and VI of the complaint under Rules 8 and 10 of the Federal Rules of Civil Procedure is also denied. Defendant's motion is based upon his contention that these counts specifically name only the other defendants. But under Rule 10(b) of the Federal Rules of Civil Procedure, the rule governing the form of pleadings, where the gist of the complaint is a scheme, plan or course of conduct, as is clearly alleged here, there is no requirement that each claim against each defendant be stated separately merely because all the defendants may not be involved in each act or transaction. Koss v. Plymouth Rubber Co., Inc., 9 F.R.D. 58 (D.Mass., 1949); Broomfield v. Doolittle, 2 F.R.D. 517, 518 (S.D.N.Y., 1942); Lowe v. Consolidated Edison Co., 1 F.R.D. 559, 562 (S.D.N.Y., 1940). All of the Commission's claims and the transactions upon which they are based are separately stated against the defendants concerned and, in view of the interrelationship of the statutory violations alleged, the format of the complaint can hardly be said to be objectionable. See, Buchholtz v. Renard, 188 F.

Supp. 888, 890 (S.D.N.Y., 1960). The complaint, therefore, stands as a unit and each allegation need not speak toward every defendant. More importantly, Scott has not shown any harm or prejudice as a result of the presence of anything contained in, or the form of, the complaint.

On the matter of captions, the Commission takes the position that these are included for the courts assistance; but, they will not accept that the captions represent the judicial basis for each count. Hence, Plaintiff's contention that these captions are immaterial and irrelevant is well taken and they are ordered stricken.

It is therefore ordered, adjudged and decreed, that in accordance with the above opinion, the motion of the defendant Josiah M. Scott to strike or dismiss the complaint or any part thereof be, and the same hereby is, denied, except insofar as the captions contained in the complaint are hereby ordered stricken.

It is further ordered, adjudged and decreed that the defendant Josiah M. Scott shall answer the complaint in this action forthwith.