**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**GLOBUS INTERNATIONAL, LTD., Michael Hellerman, John M. Lewin, Andrew Nelson, RLM Services, Ltd., Andrew P. Zimmer, Joseph Bald, Mayer Laufer d/b/a Mayer Laufer Co., Mayer Laufer, George Silberfein, and Stephen Schustek, Defendants.**

No. 70-Civ. 4981.

United States District Court, S. D. New York.

Dec. 7, 1970.

Kevin Thomas Duffy, Regional Administrator, New York City, for plaintiff.

Lipkin, Gusrae & Held, New York City, for Andrew P. Zimmer, defendant, by Bert Gusrae, New York City, of counsel.

CROAKE, District Judge.

### MEMORANDUM

This is an action brought by the Securities and Exchange Commission ("Commission") to enjoin further violations by defendants of §§ 5(b) (2) and 17(a) of the Securities Act of 1933 and § 10(b) of the Securities Exchange Act of 1934. The jurisdiction of the court is invoked under § 22(a) of the Securities Act of 1933 and § 27 of the Securities Exchange Act of 1934. The facts of the case are as follows.

### I

Defendant Globus International, Ltd. ("Globus") is a Delaware Corporation. Its common stock is traded on the over-the-counter market, and there are 250,000 shares of Globus common stock outstanding. Defendant John M. Lewin is President and Chairman of the Board of Directors of Globus. Defendants Andrew Nelson and Andrew Zimmer are Vice Presidents of Globus and members of its Board of Directors. Defendants Michael Hellerman, Joseph Bald, Stephen Schustek, George Silberfein, Mayer Laufer, Mayer Laufer Company, and RLM Services, Ltd., are all alleged participants in the activities now under investigation by the Commission.

On November 13, 1970, the Commission filed a complaint alleging that the defendants singly and in concert had, from September 15, 1970 on, been engaged in a scheme to defraud the public by selling 100,000 shares of Globus stock in a manipulated market; that they commenced trading and continued to trade Globus common stock at prices which were totally arbitrary, bore no relation to the true market value of the stock, and were not determined in a free, open or competitive market. More specifically, it is alleged that the defendants, after causing to be issued 100,000 shares of Globus stock in the names of 100 fictitious persons (including one "Potter Stewart"):

1. Caused purchase orders to be placed with various brokerage firms for over 40,000 shares of Globus stock when they had no intention of paying for the stock and, in fact, did not pay for it.

2. Made false statements concerning the value of said stock.

3. Failed to disclose the true identity of the beneficial owners of said stock, and effected sham transactions which involved no change in the beneficial ownership of the stock.

4. Filed a false prospectus, and then consummated the offer, sale, and delivery of shares without an accompanying prospectus.

On November 16, 1970, Judge John F. X. McGohey, of this Court, signed a temporary restraining order enjoining defendants from further committing the acts in question. Subsequent to this, defendants Nelson, Laufer, and Laufer Company consented to preliminary injunctions against them and, on December 1, 1970, the Commission moved before the undersigned for a preliminary injunction against the remaining defendants. On that same day, the temporary restraining order signed by Judge McGohey was continued by the undersigned pending resolution of the matter at hand. This Court now grants plaintiff the preliminary injunction it seeks.

### II

Both § 20(b) of the Securities Act of 1933 and § 21(e) of the Securities Exchange Act of 1934 state—

"Whenever it shall appear to the Commission that any person is engaged * * * in any acts or practices which constitute * * * a violation of the provisions of this subchapter or of any rule or regulation prescribed under authority thereof, it may in its discretion, bring an action in any district court of the United States * * * to enjoin such acts or practices, and upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond."

The Commission has so acted.

■ Under § 20(b) of the Securities Act of 1933 and § 21(e) of the Securities Exchange Act of 1934, a showing of irreparable harm is not necessary for the granting of an injunction. Securities and Exchange Commission v. Broadwall Securities, Inc., 240 F.Supp. 962 (S.D. N.Y.1965). Rather, because the request is for a "statutory injunction" as opposed to one granted pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court must apply standards of public interest rather than the requirements of private litigation. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944).

■■ Accordingly, in deciding whether or not to issue the sought-for preliminary injunction, the critical question before this Court is whether there is a reasonable expectation that the defendants will thwart the policies of the Securities and Exchange Commission and Congress as expressed in the '33 and '34 Acts and the rules and regulations promulgated pursuant thereto by engaging in activities proscribed thereby. Securities and Exchange Commission v. Culpepper, 270 F.2d 241 (2d Cir. 1959). And the Court must also consider the fact that illegal past conduct gives rise to the inference that there is a reasonable likelihood of future violations. Securities and Exchange Commission v. Keller Corp., 323 F.2d 397 (7th Cir. 1963).

■ The burden is on the defendants to show that there is no reasonable expectation that their illegal activities will be repeated. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953). This burden is a heavy one (W. T. Grant Co., supra), and in the case now before this Court it has not been met. Attorneys for the defendants have argued that a hearing should be held prior to a determination of the motion. Yet of the two counsel who argued most strenuously for this hearing, one has stated that he would advise his client not to testify at such a hearing and the other has stated that he would leave the matter solely in the discretion of his client. Accordingly, this Court regards the prospect that a hearing would produce facts weighing against the granting of the sought-for injunction as dim indeed.

■ This is not to say that the ultimate outcome of this litigation has been pre-judged by the Court; needless to say, it has not been. Rather, it is a simple expression of the doctrine that the Court, in granting a motion for a preliminary injunction, need not decide finally the merits of the controversy. It need only find that the plaintiff has presented a strong prima facie case to justify the issuance of the interlocutory restraint. Securities and Exchange Commission v. Boren, 283 F.2d 312 (2d Cir. 1960). Such a prima facie case has been presented in the case now before us. Accordingly, plaintiff's request for a preliminary injunction enjoining defendants from further participation in the aforementioned illegal activity is granted.

Submit order.